IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01935-BNB

EMANUEL V. PITTMAN,

    Applicant,

v.

ANTHONY YOUNG,
BECKY R. LUCERO,
COLORADO BOARD OF PAROLE, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Emanuel V. Pittman, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the correctional facility in Limon, Colorado. Mr. Pittman, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Pittman has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    On July 30, 2013, Magistrate Judge Boyd N. Boland ordered Respondent Suthers to file a Pre-Answer Response to the habeas corpus application and address the affirmative defenses of timeliness and exhaustion of state court remedies. On August 20, 2013, pursuant to the Court's directive, Respondent Suthers filed a Response. Mr. Pittman did not file a Reply.

    The Court must construe Mr. Pittman's Application liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Pittman asserts that his due process rights were violated when he was arrested on February 24, 2013; denied an attorney at the subsequent parole revocation hearing; and returned to prison as a result of the hearing. Mr. Pittman seeks appointment of counsel to assist in a new evidentiary hearing.

On May 5, 2011, Mr. Pittman was found guilty of failing to register as a sex offender, a class five felony, and was sentenced to three years plus a mandatory two year parole on May 6, 2011. Resp., ECF No. 7-1, at Ex. A. Mr. Pittman subsequently was subject to a parole revocation hearing on March 14, 2013. In the Application, Mr. Pittman asserts that he attempted to appeal the revocation but was denied an appeal as beyond the time limit. *See* Application at 10. Respondent Suthers, however, asserts that a challenge of the procedures used at a parole revocation hearing is reviewable in state court pursuant to Colo. R. Crim. P. 35(c)(VII). Resp. at 4. A Rule 35 motion must be filed in the court that rendered the sentence under Colo. R. Crim. P. 35(c)(3). *Id.* at 5. Mr. Pittman does not disagree with Respondent's assertions.

Relying on Tenth Circuit case law, Respondent Suthers also asserts that challenges to the procedures used in denying or revoking parole are properly brought under 28 U.S.C. § 2241. Resp. at 2. Nonetheless, regardless of the statutory authority for his habeas corpus claim, whether the action is asserted pursuant to § 2241 or § 2254, Mr. Pittman is required to exhaust state remedies before he may pursue his federal constitutional claims in a habeas corpus action in this Court. *See* 28 U.S.C.

§ 2254(b)(1); *Montez v. McKenna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Like other habeas applicants, a § 2241 applicant fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). This requirement "is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*, 404 U.S. at 278; *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus applicant to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his . . . claims through one 'complete round of the

State's established appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Based on the above findings, Mr. Pittman has failed to respond to the affirmative defense raised in this action, and he fails to demonstrate he has fairly presented his due process claim to any state court. Therefore, the action will be dismissed for failure to exhaust state remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Pittman files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action dismissed without prejudice for failure to exhaust state court remedies before seeking federal court intervention. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED October 25, 2013, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court